The one who needs to do the business is me, so Judge Lurie, I need to make a motion to you, and my motion is to move the admission of Ms. Lynn, would you rise please? Move the admission of Ms. Ellen Lynn, who is a good standing member of the Bar in California and the District of Columbia, and ask that she be admitted to our Bar, although can I make that contingent on her not leaving my services? I don't think that's in the rules. I'm sorry, I was hoping for an exception there. I'm going to lose her and it won't be an easy loss, but if you'll accept my motion, I'd appreciate it. Sounds like a motion with emotion. Judge Wallach, what do we think about this? I think I concur in that. We'll grant the motion, and Ms. Lynn, would you step up please and take the oath? I do. Thank you. Belkin v. Kappos. Good morning, Your Honors. May it please the Court. In the decisions below, the Board held that it lacked jurisdiction to review the issues in this appeal. The effect is to create a loophole for examiners to shield themselves from any appellate oversight and exert unfettered power over inter-parties re-examination. But isn't that up to Congress? Hasn't Congress already spoken in Section 312C of the termination by the Director with respect to a substantial new question in SNQ shall be final and not appealable? Isn't that the end of it? Mr. McCombs, 315 says it applies to, quote, any claim finally determined to be valid and patentable on any ground which a third-party requester raised or could have raised during the inter-parties examination. The plain meaning of that statute seems to suggest that estoppel only applies to those arguments that were raised during the re-examination proceeding. Yes, in this case, Your Honor, we did raise the issues of prior art as it relates to various rejections. And those rejections were procedurally allowed by the Director. The Director granted our petition as it relates to acceptance of all of the issues on appeal. And under N. Ray Fry, those procedural issues are to be accepted. And what this appeal is about is the difference between the two stages of re-examination. These were made during the initial stages, not during the actual examination, right? During the initial stages, during the initiation period, re-examination was granted, Your Honor, as it relates to the claims that are in re-examination here. Once re-examination was ordered, that re-examination was then conducted pursuant to Section 314. Section 314 says that the conduct of re-examination shall be pursuant to the ordinary and normal examination procedures, which include pursuant to Rule 1.937 and 1.104, that the examination shall include discussion of all available prior art. But it can't be contrary to the statute, where the Director has determined on what there shall be a substantial new question of patentability, and that's unappealable. The Director ordered re-examination of specific claims in re-examination. Once re-examination was ordered... With respect to certain prior art, but not other prior art. Re-examination is ordered for claims, not for prior art. Section 312 does not say that the Director shall determine whether a particular prior art reference raises a substantial new question. Section 312 says that the Director shall determine whether a new question affecting any claim is raised by the request. But of course it's claims. That's what examination is all about. But it's with respect to prior art. The substantial new question is a broader question than new prior art, as Judge Rader observed in the Portola dissent. What re-examination is about is to consider the new question. In our case, the new question was the technical teaching of whether the components, including an operating system, was operatively disposed within a single device or chassis. That's the question. Once that was triggered, then under Section 314, there is to be an examination conducted according to the normal procedures for examination that would involve a review of all of the prior art of record. To suggest otherwise, read Section 314 out of Title 35. Section 313, when it says that re-examination shall be ordered for resolution of the question, specifically directs to Section 314, which is for the conduct of the re-examination. Wouldn't the effect of this, Mr. McCombs, be that if the director then granted re-exam on any small part of a larger request for re-examination, that he would then have to carry through and examine every piece of prior art, even though he found no substantial new question on most of it? Once re-examination is ordered for the claims, then it is conducted on the claims, and there are rejections that are proposed. So you're saying, yes. I'm saying it's not convenient. Once he grants any little piece, he's got to do the whole thing. With respect to the claim order. Is that the way we want the system to work? It's the difference between a re-examination, which we have here, and a review, which is going to be under the new inter-parties review procedures promulgated by the AIA. But we're not dealing with the AIA yet, right? That's correct. Tell me why it's different. There's a difference between a re-examination and a review. A review is a trial before judges, and in the proposed new rules, if they're adopted under 42.108, the decision to undertake that review can be limited to specific grounds, as well as specific claims. It's very clear. That's much different than what we have under re-examination. Which is limited to substantial new questions. Well, not under the AIA, Your Honor. No, but under this statute, it's limited to substantial new questions. Wouldn't that disappear, under your argument, as soon as the director grants any little piece of the question on any claim, he's got to look at everything on that claim, right? All the prior art, anything that was raised. The purpose of the order for re-examination under a substantial new question is to prevent harassment of the patent owner. Once re-examination is triggered for a particular claim, section 314 directs that it will be conducted according to the normal examination. So your answer is yes. There's no way that the director can say, I'm going to look at this question as a substantial new question, and not the other 8, 10, 20 pieces of prior art, because they do not raise a substantial new question. He could not do that. I'm saying that what that's doing is conflating the difference between what is a new question, which initiates the re-examination, and then what is an examination, which is under section 102, 103, for anticipation, obviousness, etc. But you're agreeing with me that that's essentially what you want to say, is that he cannot make those determinations. The director can only make the determinations at that point, whether to initiate re-examination for a new question. The new question is broader than the prior art involved once re-examination is ordered for the claims. Why is that? Because the trigger under a substantial new question only then sets what claims are to be reviewed, and then the conduct from there goes to what the statute says is an initial examination. The question relating to an SNQ, an SNQ with respect to what particular piece of prior art? That's not what the statute says, Your Honor. 312 says a new question affecting any claim. What else is the question of patentability about? I suppose it could be 112. As we know, it could be 101. But it's generally prior art, isn't it? The new question affecting any claim involves prior art, but as we've discussed, once it's initiated, then Section 314 says it will be conducted according to the normal procedures for examination, and the public is entitled to rely upon that. I'm just trying to understand the efficiencies of this. We're in a backlogged system where we're trying to narrow the questions and focus them. Is this what we want to do? Do we want to force the director every time he takes one claim, he's got to look at everything regarding that claim. He can't just look at the one question that is substantially new. It will be based on proposed rejections, which are limited. In our case, we did propose very specific rejections that were related to the claims in reexamination. Any inter partes filer after this will clearly raise every possible question, because if a question is granted on one of them, they get them all. No, if a question is granted as it relates to a specific claim, then the conduct of the reexamination will review the rejections that were proposed and be limited to the art of record. I think that's close to what I said. Yes, Your Honor. The other point I'd like to raise here is that silence is a decision. To the extent that the solicitor has said that the examiner is entitled to decline to comment does not mean that it is not an appealable issue under Rule 41.61. To hold otherwise would allow examiners to shield themselves from appellate review merely by their silence on the record. And so there really was a final decision as it relates to the issues in this appeal. The examiner does not set the Federal Circuit's jurisdiction by deciding what issues it will state on the record. The other thing to point out is that this appeal can be decided procedurally. The Patent Office, the Director's decision on our petition, that decision dated August 13, 2010 explicitly accepted Belkin's brief on the prior art rejections. And that's at A-17-51 in the record. And the permissible scope of appeal is a procedural question. And Director Kapos himself joined in the presidential opinion, ex parte fri, holding that these procedural questions are to be decided by the Director and not on appeal by the Board. So in our case we petitioned the scope of the jurisdiction for review. The Director specifically granted our petition, which governed what the issues were to be examined. And the Board's decision to refuse jurisdiction exceeded its authority and was an unauthorized reversal of the Director's decision to allow our appeal to proceed. The other point I'd like to raise is that this is Belkin's only opportunity for this review. Contrary to the solicitor's argument, Rule 1.927 did not permit a petition for reconsideration at this point that reexamination was granted when it was ordered. Those petitions are routinely dismissed when reexamination has been granted and not denied. And the petition was sought because when a petition is sought because the examiner agreed with some but not all of the substantial new questions, that is not a basis for someone to be able to make such a petition. But you're not stopped in an infringement suit, are you, with respect to prior art that you tried to get subject to an SNQ and the Director said no? So you do have another opportunity, don't you? Well, that's the sort of Damocles that hangs over everyone in these reexamination proceedings where it's unclear. The issue here is, yes, if there is not a substantial new question granted for claims, then there should be no estoppel that would apply. The confusion we have here is that under the statute and rules, what we're seeing is a situation where it is assumed that all of the art of record is going to be reviewed because that's what the rules say and that's what it specifically says in the NPEP and the statute. So to the extent that the examiner declines to hear that, that puts everyone at risk because there really has been no review of that art. We want to save your time, Mr. McConville. Mr. Wiedenfeld. Thank you, Chief Justice Rader, and may it please the Court. I think I'd like to turn first to your point about efficiency. I think we see the way the statute is set up is to render an efficient process. And what happens is people come to the USPTO with numerous proposed rejections because of the fears of estoppel. So they bring all of their proposed rejections, and the director is given the authority under Section 312 to review those and determine which of those, in his view, raise substantial new questions of patentability. What about the CFR 1.104? It says the examiner shall make a thorough study, thorough investigation of the available prior art. The reference in the CFR, as entitled to some, states that the claim will be reexamined in view of all prior art. How does that mesh with the commissioner's action, director's action? Right. Well, first, with respect to 37 CFR 1.104, it says all available prior art. And what this Court has told us in Recreative Technologies, Henneker, and Portola is that references that do not raise substantial new questions are not available prior art at any time during the proceeding. And so once the examiner or the director has determined that a reference does not raise a substantial new question, it is no longer available during the proceeding. And the MPEP doesn't use the word available, but that word should be read in because the MPEP can't broaden the scope. It does say all prior art, but it can't mean that because of this Court's cases and because of the regulatory limitations on available prior art. The MPEP can't go broader than the regulation. One way of looking at this case is that we're defining what is a question under the substantial new question doctrine. Is it everything relative to the claim, or is it what the director says it is? Which? The director is given the authority under Section 312 to define the questions that are going to be considered during reexamination. When he orders reexamination, he defines the questions that will be considered. And that's not every potential question that has been raised or could be raised for a particular claim. It's the particular questions that the director has deemed to raise a substantial new question of patentability with respect to a particular claim. So it's not the universal law. So the question is anything the director says it is? Yes. Is there any chance to review that? There is a petition right within the agency, but the statute in 312C makes the director's determination final and unappealable. So it's not reviewable by a court, but there is an internal petition process by which the examiner's determination can be reviewed. Could that be challenged under the APA through the district court? The petition decision? The director's decision to call a question a question. Well, there is a limited right if the director's determination is ultra vires. I think that that would not apply where the director says there is no substantial new question. But if the director improperly said there is a substantial new question, that could be challenged under the APA as an ultra vires action. That's beyond the director's authority under the statute. If there are no further questions, I'll yield the remainder of my time. Thank you, Mr. Wiesenthaler. Mr. McCombs, you have about two minutes. I'd like to focus in, first of all, just with reference to the Henniker Recreative Technologies and Portola line of cases mentioned by the solicitor. I believe that those cases were misapplied because those cases only say that reexamination is barred for questions of patentability that were previously determined in another examination. That's not the case we have here. In our case, all of the art that is to be considered in the Belkin Appeal is new art that was not previously considered. I'd also like to point out that as it relates to the question itself, art that did not trigger the new question does not become unavailable as suggested by the solicitor. Again, this gets to the issue of the question of what is the new question itself being broader than the prior art itself. The office itself has said that the available prior art includes all of the art in the reexamination. As Judge Lori was pointing out, if you look at 1.104 and the various MPEP sections that interpret that, you look at, for example, MPEP 707.05, and it specifically says that the examiner must consider all the prior art references. That's not permissive. It's mandatory that all that art be considered. MPEP 2656 likewise says that the source of prior art for consideration at the conduct stage is going to be all of the prior art references cited in the request. What we have here, again, is the same situation that's contemplated by MPEP 2648. It sounds like a mess and needs being cleaned up. Yes, Your Honor. I agree with that. How much does the AIA change this dispute? I think that the AIA is very clear on this because if the rules that are proposed are adopted, what they will do is allow the Patent Trial and Appeal Board to select which grounds and which claims are to be reviewed, and that will greatly limit what the proceeding entails and avoid the estoppel issues. Which claims or which claims with respect to what prior art? Exactly, both. The rules specify both. And this avoids the situation that we have, for example, in I-4-I where the litigants and public are entitled to rely upon a thorough examination as it relates to determining whether a claim is valid or not valid and what the presumption of validity should be. Thank you, Mr. McCall.